15-200-cr
*United States v. Cavigliano*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand sixteen.

Present:
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*,
> CAROL BAGLEY AMON,
> *District Judge*.[*]

―――――――――――――――――――――――――

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                 15-200-cr

ROBERT CAVIGLIANO,

> *Defendant-Appellant*.

―――――――――――――――――――――――――

For Defendant-Appellant:        MATTHEW BRISSENDEN, Matthew W. Brissenden, P.C., Garden City, New York

For Appellee:        JOSEPH J. KARASZEWSKI, (Monica J. Richards, *on the brief*), Assistant United States Attorney, Buffalo, New York

―――――――――――――――――――――――――

[*] Judge Carol Bagley Amon, of the United States District Court for the Eastern District of New York, sitting by designation.

**UPON DUE CONSIDERATION WHEREOF** it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Robert Cavigliano appeals from the January 9, 2015 judgment of conviction of the United States District Court for the Western District of New York (Geraci, *C.J.*), entered after a jury trial. Cavigliano was convicted of five counts of distributing child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), 2252A(b)(1); one count of possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2); and one count of making a false statement in violation of 18 U.S.C. § 1001(a)(2). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

## I.     Background

On five occasions in October and November 2011, law enforcement officers obtained files containing child pornography from someone using the name "Snowy23" on a peer-to-peer file sharing network called GigaTribe. Snowy23's IP addresses led the officers to the home of the defendant, Robert Cavigliano. During a search of Cavigliano's home, the officers seized evidence from his bedroom suggesting that he was Snowy23. The government charged Cavigliano with distributing child pornography, possessing child pornography, and making a material false statement to a law enforcement officer. Cavigliano's principal defense at trial was that someone who was staying as a guest in his home was Snowy23. The jury convicted Cavigliano on all counts. Cavigliano timely appealed.

## II.     Discussion

Cavigliano's first contention on appeal is that the district court erroneously excluded certain evidence that would have supported his defense. We review a district court's evidentiary rulings for abuse of discretion, overturning them only if they are manifestly

2

erroneous. *United States v. Miller*, 626 F.3d 682, 688 (2d Cir. 2010). "[E]ven where we conclude that an evidentiary ruling was manifestly erroneous, we will nonetheless affirm if the error was harmless." *Id.* (internal quotation marks omitted).

Cavigliano argues that the district court should not have excluded the testimony of proposed defense witness Steven Roides, who sometimes stayed overnight at Cavigliano's home. When Roides testified outside the presence of the jury, he indicated he would invoke his Fifth Amendment privilege against self-incrimination in response to most of the questions proposed by the defense. In these circumstances, it was within the district court's discretion to prevent Cavigliano from calling Roides to the stand for the purpose of having him invoke his Fifth Amendment privilege in front of the jury. *See United States v. Deutsch*, 987 F.2d 878, 883–84 (2d Cir. 1993). In Cavigliano's view, the district court erred by neglecting to perform the balancing test prescribed by Federal Rule of Evidence 403 to determine whether Roides' testimony should be admitted. We disagree. Assuming, arguendo, that our cases contemplate such a balancing, *see Deutsch*, 987 F.2d at 884, "[w]e do not require a district court 'to articulate the relevant considerations on the record,' and we ordinarily assume that such due consideration was given," *United States v. Morgan*, 786 F.3d 227, 232 (2d Cir. 2015) (quoting *Leopold v. Baccarat, Inc.*, 174 F.3d 261, 269 n.11 (2d Cir. 1999)). The district court heard arguments from the parties on this issue, as well as the proposed testimony from Roides, and excluded the evidence. This was sufficient under our case law, and we perceive no abuse of discretion in the exclusion of Roides' testimony.

Cavigliano next argues the district court should not have excluded the testimony of defense investigator Bryant Graham, who would have testified to out-of-court statements Roides made to him. Specifically, Graham would have testified that Roides admitted he had stayed at

3

the Cavigliano residence, used a computer there, and knew the password for the wireless network. He also would have testified that when Graham asked Roides whether Roides had downloaded child pornography at the Cavigliano residence, Roides said he was asserting his Fifth Amendment privilege. Cavigliano argued that these statements were admissible under the exception to the hearsay rule for statements against penal interest, *see* Fed. R. Evid. 804(b)(3), but the district court disagreed.

We need not decide whether this ruling was error, because even assuming it was, the error was harmless. At trial, the government adduced overwhelming evidence that Cavigliano was the GigaTribe user Snowy23 who distributed child pornography to law enforcement officers. That evidence included the fact that Snowy23's IP addresses led law enforcement officers to the Cavigliano residence. There was also evidence that a laptop computer seized from Cavigliano's bedroom contained child pornography, along with evidence of various passwords, usernames, and email addresses suggesting a link between Cavigliano and Snowy23. For example, the laptop contained a record of a Skype chat in which a user called "bob.cavig" wrote that since he was locked out of his GigaTribe account, he had created a new one under the name "Snowy23." The trial evidence also included a checkbook for an account in Cavigliano's name, found during the search of Cavigliano's bedroom, with the password for Snowy23's GigaTribe account written on it. Cavigliano argues that Graham's testimony could have created doubt as to whether Cavigliano was guilty of any one of the specific instances of distributing child pornography, but we discern no evidence in the record to this effect. There is no indication Graham would have testified to any admission by Roides that Roides was present in the Cavigliano home on any specific date. In light of the overwhelming evidence of Cavigliano's guilt, we are confident that even had the district court admitted Graham's testimony, the jury's

verdict would have been the same. Accordingly, we neither reach the question of whether excluding Graham's testimony was error nor disturb the jury's verdict.

Cavigliano also contends the government's evidence at trial was insufficient for a jury to convict him of either distributing child pornography or making a material false statement. We review a challenge to a conviction based on sufficiency of the evidence de novo. *United States v. Cuti*, 720 F.3d 453, 461 (2d Cir. 2013). We view the evidence in the light most favorable to the government, resolve all credibility issues in favor of the verdict, and credit every available inference in favor of the government. *Id.* at 461–62. Thus a criminal defendant challenging the sufficiency of the evidence supporting his conviction bears a heavy burden. *Id.* at 461.

Cavigliano has not carried that burden here. He contends that there was insufficient evidence for the jury to find, beyond a reasonable doubt, that he was Snowy23 (that is, the individual who distributed child pornography to law enforcement officers). But as discussed above, the evidence connecting Cavigliano to Snowy23 was overwhelming. Cavigliano also contends there was insufficient evidence for the jury to find, beyond a reasonable doubt, that he made a material false statement. "A false statement is material if it tends to or is capable of influencing the decision-making body to which it was addressed." *United States v. Stewart*, 433 F.3d 273, 318 (2d Cir. 2006). When law enforcement officers asked whether there were any computers in his home, Cavigliano insisted there were none except for a pair of outdated desktop computers that were neither connected nor in use. Even though the law enforcement officers had a warrant to search Cavigliano's home, this is the kind of statement that could have influenced the scope or sequence of their search. Accordingly, neither of Cavigliano's sufficiency of the evidence arguments has merit.

5

### III. Conclusion

We have considered Cavigliano's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
